**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAROSLAW JASTRZEBSKI; ZACHARY ENGLAND; DANIEL BERRO; CHRISTOPHER OBERLE; SETH DUHY; ROBERT SMITH; SHANE ENGLE; JAMIE EDELMAN; DANIEL MORRIS; DOUGLAS MCKEEVER; ASHLEY KELLY; ZACHARY MITCHELL; JOHNNY MITCHELL; TREVOR GOFF; and TAYLOR DOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>DAVID COPPERFIELD; CHRISTOPHER KENNER; DAVID COPPERFIELD'S DISAPPEARING INC., a Nevada Corporation; BACKSTAGE EMPLOYMENT AND REFERRAL, INC., a Nevada Corporation; and IMAGINE NATION COMPANY, a Foreign Corporation,<br><br>**Defendants.** | CASE NO.: **2:14-CV-00250-GMN-CWH**<br><br><u>**JUDGE GLORIA M. NAVARRO**</u><br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, TO PROCEED AS A COLLECTIVE ACTION FOR PURPOSES OF SETTLEMENT ONLY, TO ISSUE NOTICE OF SETTLEMENT TO CLASS MEMBERS, AND TO SET FINAL APPROVAL HEARING** |

This Court has before it the Joint Motion filed on February 18, 2015 by Plaintiffs Jaroslaw Jastrzebski, Zachary England, Daniel Berro, Christopher Oberle, Seth Duhy, Robert Smith, Shane Engle, Jamie Edelman, Daniel Morris, Douglas Mckeever, Ashley Kelly, Zachary Mitchell, Johnny Mitchell, Trevor Goff, and Taylor Doyle, and the Defendants David Copperfield, Christopher Kenner, David Copperfield's Disappearing Inc., Backstage Employment and Referral, Inc., ("Backstage") and Imagine Nation Company, (collectively the

"Parties"), for an Order: (1) granting preliminary approval of the Parties' proposed Collective Action Settlement Agreement ("Settlement"), a copy of which is attached to the Motion; (2) finding the Settlement to meet the standards for settlement of a collective action under 29 U.S.C. §216(b) and preliminarily certifying this matter to proceed as a collective action under 29 U.S.C. §216(b); (3) approving the form and content of the Parties' proposed Notice of the Conditional Certification of the Settlement Class, Preliminary approval of the Settlement, and Hearing Date for Court Final Approval ("Notice of Settlement"), a copy of which is attached to the Settlement; (4) approving the form and content of the Parties' proposed Claim and Consent Form ("Consent"), a copy of which is attached to Settlement Agreement; (5) directing the mailing of the Notice of Settlement, and Claim and Consent Form by first class mail to the potential settlement class members; and (6) scheduling a date for a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, adequate and reasonable as to the proposed settlement class.

Upon said Motion and attached Exhibits, the Court finds as follows:

1.  The Parties agree and the Court finds on a preliminary basis that the matter satisfies the requirements of 29 U.S.C. § 216(b) and certifies this matter for settlement purposes only pursuant to 29 U.S.C § 216(b).

2.  The Parties agree and the Court finds on a preliminary basis that the Settlement meets the standards for settlement under 29 U.S.C § 216(b), and the Court preliminarily certifies this matter to proceed as a collective action under 29 U.S.C. § 216(b), for the purpose of implementing the terms of the Settlement.

3. The Parties agree and the Court finds that Plaintiffs shall mean Jaroslaw Jastrzebski, Zachary England, Daniel Berro, Christopher Oberle, Seth Duhy, Robert Smith, Shane Engle, Jamie Edelman, Daniel Morris, Douglas Mckeever, Ashley Kelly, Zachary Mitchell, Johnny Mitchell, Trevor Goff, and Taylor Doyle, all of whom worked for Defendant Backstage Employment and Referral, Inc., and performed services directly related to the performance of David Copperfield's show at the MGM Grand Hotel and Casino in Las Vegas, Nevada, or were employed as executive assistants to Mr. Copperfield indirectly related to the performance of his show, at any time during the period of January 1, 2012 – December 31, 2013, and worked 40 hours or more in at least one workweek.

4. The Parties agree and stipulate and the Court finds on a preliminary basis that Plaintiffs are similarly situated to the proposed Settlement Class Members they seek to represent in this collective action; that preliminary certification of this matter as a collective action under 29 U.S.C. § 216(b) is appropriate; and that preliminary certification of a class for settlement purposes is appropriate under 29 U.S.C. §216(b).

5. The Court finds Plaintiffs to be sufficient representatives of the proposed Settlement Class Members; the Settlement Amount to be within range of fairness, reasonableness and adequacy; and the settlement payment of attorney's fees to be appropriate.

6. Plaintiffs' counsel and Defendants agree and stipulate and the Court hereby finds that the Settlement is fair, reasonable and adequate and therefore meets the requirements for preliminary approval.

7. The Parties agree and represent, and the Court hereby finds, that the Settlement and its terms were bargained for at arm's length and are not the product of fraud, duress or collusion.

8. The Parties stipulate and agree, and the Court finds, that the form and content of the Notice of Settlement are sufficient and provide adequate opportunity for Settlement Class Members to opt-in to this Action for purposes of participating in the settlement.

9. The Parties stipulate and agree, and the Court finds, that the form and content of the Consent form are sufficient and provide adequate opportunity for Settlement Class Members to opt-in to this Action for purposes of participating in the settlement.

10. The Court conditionally certifies for settlement purposes only the following collective action class pursuant to the Fair Labor Standards Act: all non-exempt present and former employees of Defendant Backstage who were employed at any time between January 1, 2012 and December 31, 2013, and performed services directly related to the performance of David Copperfield's show at the MGM Grand Hotel and Casino in Las Vegas, Nevada, or were employed as executive assistants to Mr. Copperfield indirectly related to the performance of his show.

11. The Court appoints for settlement purposes only, Jakub Medrala of the Law Firm of Donath & Medrala PLLC as counsel for the Class.

12. The parties are ordered to carry out the Settlement according to its terms.

**IT IS THEREFORE ORDERED:**

That upon said Motion and attached Exhibits, the Joint Motion for Preliminary Approval of Settlement, to Proceed as a Collective Action for Purposes of Settlement Only, To Issue Notice of Settlement to Class Members, and to Set Final Approval Hearing is hereby **GRANTED.**

The Parties' Motion requesting that the Court issue an Order: (1) granting preliminary approval of the Parties' proposed Settlement; (2) finding the Settlement to meet the standards for settlement of a collective action under 29 U.S.C. §216(b) and preliminarily certifying this matter to proceed as a collective action under 29 U.S.C. §216(b); (3) approving the form and content of the Parties' proposed Notice of Settlement, a copy of which is attached to the Settlement; (4) approving the form and content of the Parties' proposed Claim and Consent form, a copy of which is attached to Settlement; (5) directing the mailing of the Notice of Settlement, and Consent forms by first class mail to the potential Settlement Class Members; and, (6) scheduling a date for a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, adequate and reasonable as to the proposed settlement class is **GRANTED.**

The fairness hearing to determine whether the proposed Settlement should be finally approved as fair, adequate and reasonable as to the proposed Settlement Class Members shall be scheduled for and shall commence after 90 days from the date of this order, specifically on **Tuesday, May 26, 2015.**

**IT IS SO ORDERED.**
**IT IS FURTHER ORDERED** that the pending Motion to Certify Class (ECF No. 24) is denied as moot in light of this Order.
**DATED** this 23rd day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

5
ORDER